IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mario Caviedes-Zuniga,<br><br>                      Petitioner,<br><br>     v.<br><br>Warden Janson,<br><br>                      Respondent. | Civil Action No.: 0:23-2008-BHH<br><br><br><br>**ORDER** |

       Petitioner Mario Caviedes-Zuniga ("Petitioner") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for initial review.

       On November 17, 2023, Magistrate Judge Paige J. Gossett filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant Respondent's motion for summary judgment because Petitioner has failed to produce evidence from which a factfinder could conclude that the Bureau of Prisons is incorrectly calculating Petitioner's sentence from the Northern District of Illinois. Attached to the Report was a notice advising Petitioner of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

       The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole

or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge that Respondent is entitled to summary judgment.

Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 22), and the Court grants Respondent's motion for summary judgment (ECF No. 12).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

December 5, 2023
Charleston, South Carolina

******

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.